IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-30116

Summary Calendar

---

WARREN MURPHY,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

Respondent-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(99-CV-2637-J)

---

October 13, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Warren Murphy, Louisiana prisoner # 24909, filed a 28 U.S.C. § 2254 petition asserting that he was denied his Sixth Amendment right to confront his accusers when the state trial court admitted videotaped testimony of the young crime victim. The district court adopted the magistrate judge's report and recommendation that Murphy's petition was (1) time-barred by 28 U.S.C. § 2244(d)(1)(A) and (2) procedurally barred by an independent and adequate state

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law ruling. Each of these findings is sufficient to deny habeas relief, and the district court dismissed Murphy's petition with prejudice.

The district court then granted Murphy a certificate of appealability (COA) on whether he could show cause and prejudice to overcome the procedural bar. The COA did not mention the time bar under 28 U.S.C. § 2244(d)(1)(A).

The COA is inconsistent with the adoption of the magistrate judge's report and recommendation, since the time bar alone is sufficient to deny the petition. Thus, we REMAND this case to the district court for the limited purpose of clarifying the scope of the COA. Upon entering a clarifying order, the district court, if appropriate, should return the case to this court for further proceedings.

REMANDED.